JAN. 7. 2008  5:11PM   A & A LEGAL SERVICE 6506974640                    NO. 2794  P. 6

1  Linda Dakin-Grimm (SBN 119630)
   Louis Anthony Pellegrino (*pro hac vice* in process)
2  Patricia J. Quilizapa (SBN 233745, application for
   admission to this Court pending)
3  Aluyah I. Imoisili (SBN 245572, application for
   admission to this Court in process)
4  MILBANK, TWEED, HADLEY & McCLOY LLP
   601 S. Figueroa Street, 30th floor
5  Los Angeles, CA 90017
6  Telephone:  (213) 892-4000
   Fax:         (213) 629-5063
7  Ldakin-grimm@milbank.com

8  Attorneys for Defendants PSM HOLDING CORP.,
   a New York Corporation
9

10              UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA            EMC
11

12  JULIE C. CHAO, an individual, and in      Case No.   CV 08      0100
    her capacity as Trustee of CHAO LIVING
13  TRUST,                                     NOTICE OF REMOVAL OF ACTION;
                                               UNDER 28 U.S.C. §§ 1441 and 1332
14                                             (Diversity Jurisdiction)
                        Plaintiff,
15                                             *[Filed Concurrently with Certificate of
            v.                                 Interested Parties; Civil Cover Sheet; Notice
16                                             of Pendency of Other Action; and Declaration
    PSM HOLDING CORP., a corporation,          of Patricia J. Quilizapa]*
17  and DOES 1-20, inclusive,
18                      Defendants.
19                                             Complaint filed:  December 5, 2007
20                                             Complaint and Summons served: December
                                               10, 2007
21

22

23

24

25

26

27

28

LA1:#6369404v3

---

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1332, defendant PSM Holding Corp. ("PSM" or "Defendant") hereby removes to this Court the state court action described below.  In support of removal, Defendant avers as follows:

1.    On December 5, 2007, plaintiff Julie C. Chao ("Plaintiff") commenced an action against Defendant entitled *Chao v. PSM Holding Corp., et al.*, Case No. CIV468267, in the Superior Court of California in and for the County of San Mateo (the "Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.    Defendant PSM Holding Corp. first became aware of the Complaint on December 10, 2007 when defendant was served with a summons from the Superior Court of California for the County of San Mateo, and a copy of the Complaint.  A copy of the summons is attached hereto as Exhibit "B".

### JURISDICTION

3.    This is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In this action, Julie Chao alleges, *inter alia*, that PSM Holding Corp. may not execute upon the community assets of Plaintiff Julie Chao and the Trust Estate of the Chao Living Trust, for which Plaintiff is purportedly a trustee and beneficiary, to satisfy a federal court judgment against her husband and other parties.  Ex. A at ¶¶ 14, 32-35.  Mrs. Chao alleges that the jury verdict against her husband, Larry P. Chao, was entered on October 4, 2007, in the Central District in favor of PSM and against National Farm Financial Corporation ("NFFC"), Business Alliance Insurance Company ("BAIC"), and Larry P. Chao, jointly and severally, in the amount of $43 million.

4.    As alleged in the Complaint, Plaintiff was, and still is, a citizen of the State of California, where she resides.  *Id.* ¶ 1.  And as alleged in the Complaint, Defendant is a corporate defendant that was, at the time of filing this action, and still is, a citizen of the State of New York, where it is incorporated and has its principal place of business.  *Id.* at ¶ 2.

**INTRADISTRICT ASSIGNMENT**

5.    Plaintiff filed the Complaint in the County of San Mateo.  Accordingly, pursuant to Northern District Local Rules 3-2 (b) and (c), this civil action may be assigned to the San Francisco Division of the United States District Court for the Northern District of California.

**WHEREFORE**, Defendant hereby removes this action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California.


Dated:  January 7, 2008                          MILBANK TWEED HADLEY & McCLOY LLP


                                                 By _____
                                                     Linda Dakin-Grimm
                                                     L. Anthony Pellegrino
                                                     Patricia J. Quilizapa
                                                     Aluyah I. Imoisili

                                                 Attorneys for PSM Holding Corp.

# EXHIBIT A

1  FRIEDMAN DUMAS & SPRINGWATER LLP
   CECILY A. DUMAS (S.B. NO. 111449)
2  ROBERT L. FLEISCHMAN (S.B. NO. 80045)
   BRANDON C. CHAVES (S.B. No. 225595)
3  150 Spear Street, Suite 1600
   San Francisco, CA 94105
4  Telephone Number:  (415) 834-3800
   Facsimile Number:  (415) 834-1044
5
   Attorneys for Plaintiff
6  JULIE C. CHAO

**ENDORSED FILED**
SAN MATEO COUNTY

DEC 0 5 2007

Clerk of the Superior Court
By    R. Montgomery
        DEPUTY CLERK

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN MATEO

10

11  JULIE C. CHAO, an individual, and in       Case No.  **CIV 4 6 8 2 6 7**
    her capacity as Trustee of CHAO
12  LIVING TRUST,                               COMPLAINT FOR DECLARATORY
                                                RELIEF
13            Plaintiff,

14       vs.

15  PSM HOLDING CORP.,  a corporation,
    and DOES 1-20, inclusive,
16
              Defendants.                       *UNLIMITED CIVIL CASE*
17

18          Plaintiff, Julie C. Chao, alleges the following:

19                          **THE PARTIES**

20          1.      Plaintiff, JULIE C. CHAO, (hereafter "Julie Chao" or "Plaintiff") is an

21  individual residing in the County of San Mateo, State of California.

22          2.      Plaintiff is informed and believes that Defendant PSM Holding Corp.,

23  (hereafter "PSM") is a corporation existing under the laws of the State of New York and

24  having its principal place of business in the State of New York.

25          3.      Plaintiff is informed and believes that Defendant PSM is a holding

26  company, which holds all of the stock of other corporations, and is a direct and wholly

27  owned subsidiary of Public Service Mutual Insurance Company, a New York domiciled

28

{00321321.DOC v 4}

COMPLAINT FOR DECLARATORY RELIEF

1   mutual property and casualty insurer, which is licensed to do business in the State of

2   California as PSM Insurance Company.

3           4.      Venue is proper in this County under California Code of Civil

4   Procedure Section 395.5 as San Mateo is the county in which corporate Defendant PSM's

5   obligations or liabilities to Plaintiff arose and the county in which the transactions which give

6   rise to the controversy between the parties were to be performed.

7           5.      Plaintiff does not know the true names and capacities of the defendants

8   sued herein as DOES 1 through 20, inclusive, and therefore sue those defendants by such

9   fictitious names. Plaintiff is informed and believes and thereon alleges that defendants Does

10  1 through 20, inclusive, are in some manner responsible for the events and happenings

11  described in this complaint.

12                          **NATURE OF THE ACTION**

13          6.      This action arises out of the execution of an alleged Agreement on the

14  part of National Farm Financial Corporation (hereinafter "National") and Larry Chao to sell

15  all of the outstanding and issued shares of stock of National's wholly owned subsidiary

16  Business Alliance Insurance Company (hereafter "BAIC") to Defendant PSM pursuant to a

17  Stock Purchase Agreement dated September 16, 2005 ("Stock Purchase Agreement" or

18  "SPA").

19          7.      National is a corporation existing under the laws of the State of

20  California, with its principal place of business at 900 Cherry Avenue, Suite 218, San Bruno,

21  California, 94066.

22          8.      At all relevant times, the CHAO Living Trust owned all of the issued

23  and outstanding shares of National.

24          9.      At all relevant times, Plaintiff, Julie Chao, was and is a Co-Trustee of

25  the CHAO Living Trust. As Trustee of the CHAO Living Trust, Julie Chao has the right

26  power and authority to institute actions and proceedings on behalf of the Trust Estate and to

27  manage and preserve the assets of the Trust Estate.

28

{00321321.DOC v 4}                          2                    COMPLAINT FOR DECLARATORY RELIEF

10.     At all relevant times, Plaintiff, Julie Chao, was the wife of Larry Chao who was and is an Officer and member of the Board of Directors of National.

11.     Plaintiff, Julie Chao, was and is the beneficial owner of 50% of all assets in the CHAO Living Trust, including, without limitation the outstanding and issued shares of National.

## GENERAL ALLEGATIONS

12.     Plaintiff is informed and believes that Larry Chao, during the course of 2005, entered into negotiations on behalf of National to sell BAIC to a purchaser for a fair value.

13.     On or about December 22, 2005, Defendant PSM initiated an action against National, BAIC and Larry Chao for breach of contract, specific performance, fraud and negligent misrepresentation in the United States District Court for the Central District of California (hereafter "the Lawsuit"), alleging, in substance, that National through Larry Chao had entered into an agreement (the "SPA") to sell all of the shares of BAIC to Defendant PSM but that National, BAIC and Larry Chao breached said agreement with resultant damages to PSM.  The Lawsuit also contained causes of action alleging that National, BAIC and Larry Chao had engaged in fraud and misrepresentation.

14.     After a trial, the jury returned a verdict in favor of PSM and against National, BAIC and Larry Chao for breach of contract in the amount of $40,000,000.00, against National, BAIC and Larry Chao in the amount of $1,000,000.00 for "intentional misrepresentation" in the amount of $1,000,000.00 for "false promise" and in the amount of $1,000,000.00 for "negligent misrepresentation" for a total cumulative damage award against all the defendants, jointly and severally, in that Lawsuit of $43,000,000.

15.     Plaintiff was not a party to the Lawsuit.

16.     Plaintiff did not agree to sell BAIC to PSM under the SPA, did not execute the SPA and did not give her consent to Larry Chao to execute the same.



17.    Plaintiff is informed and believes that Defendant PSM knew that the consent and approval of the Chao Living Trust and Plaintiff Julie Chao as its Trustee was necessary for the sale of BAIC by National to become effective.

18.    Plaintiff is informed and believes that Defendant PSM knew that the consent and approval of Julie Chao, as an individual, was necessary for the sale of BAIC by National to become effective.

19.    Plaintiff is informed and believes that the damages awarded by the jury against National, Larry Chao and BAIC are so substantial that they cannot be satisfied by National's assets alone and that the assets of the Chao Living Trust (aside from the ownership of the voting securities of National) are imperiled by the damage award.

20.    PSM has threatened to invade the Chao Living Trust and attach the assets therein by executing on the judgment in the Lawsuit if the judgment becomes final.

21.    Plaintiff is informed and believes that the damages awarded by the jury against National, Larry Chao, and BAIC are so substantial that they cannot be satisfied by National's assets alone and that Julie Chao's community interest in her marital estate with Larry Chao is imperiled by the damage award.

22.    PSM has threatened to seize the assets which comprise Plaintiff Julie Chao's community interest in her marital estate by executing on the judgment in the Lawsuit if the judgment becomes final.

23.    The alleged agreement to sell the shares of BAIC to Defendant PSM, which were owned by National, which was in turned owned by the Chao Living Trust and which shares constituted the community property of Larry Chao and Plaintiff Julie Chao, was entered into without the knowledge, approval or consent of Plaintiff Julie Chao, the Co-Trustee of the Chao Living Trust and the wife of Larry Chao.

24.    Throughout the Lawsuit Defendant PSM contended that the SPA had been validly entered between National, Larry Chao and BAIC as sellers and Defendant PSM as Buyer and that the SPA was enforceable in accordance with its terms.

25.    Throughout the Lawsuit Defendant PSM contended that the fact that Plaintiff Julie Chao did not agree to the SPA (although the SPA referred to her and called for her signature) merely meant that her individual obligations under the contract, including her obligation to indemnify PSM, were not enforceable under the SPA.

26.    Even though the SPA limits the maximum amount of damages PSM can obtain for breach, Plaintiff is informed and believes that Defendant PSM intends to attempt to execute on the $40 million judgment, an amount far in excess of the limitation in the SPA.  Such an attempt would cause immediate harm to Plaintiff's valuable interests in her community interests and the assets of the Trust Estate which would become greatly impaired if not totally destroyed.

27.    The SPA contained an Indemnification Provision which provided in part:

"The maximum aggregate liability of the Stockholder [National] and the Chaos for indemnification obligations under this Section [from and against …all losses, costs, damages, liabilities …incurred by the Purchaser . . .arising out of … any misrepresentation or breach of or default under any of the representations, warranties, covenants or agreements given or made in this Agreement] shall equal 50% of the Purchase Price; provided, however, 20% of such amount shall be exclusively for indemnification obligations with respect to Adverse Development …".

28.    Defendant PSM agreed under the SPA to indemnify and hold Julie Chao harmless "from and against any and all … losses, costs, damages, liabilities and expenses including, without limitation, reasonable legal fees . . . arising out of . . . any breach of or default under any of the representations, warranties, covenants and agreements made by PSM in this Agreement . . .".

29.    Plaintiff is informed and believes that Defendant PSM has breached several of the covenants and agreements it made in the SPA, including, without limitation, the agreement to a limitation on damages, the covenant to pay a purchase price for the shares

8

1   of BAIC, the covenant to cooperate and the covenant of good faith and fair dealing, all to the

2   damage of Plaintiff Julie Chao.

3           30.    Plaintiff is informed and believes that Defendant PSM does not believe

4   its damages for breach of contract are limited to the amount set forth in the SPA and that it

5   intends to pursue the community assets of Plaintiff Julie Chao and the Trust Estate of the

6   Chao Living Trust in an attempt to satisfy the Judgment in the Lawsuit.

7                       **FIRST CAUSE OF ACTION**

8                       **(Declaratory Relief)**

9           31.    The allegations of Paragraphs 1 through 30 are incorporated by this

10  reference.

11          32.    An actual controversy has arisen and now exists between Plaintiff and

12  Defendant PSM concerning their respective rights and duties in that Plaintiff contends that

13  Defendant PSM has no right to invade the CHAO Living Trust or her community interest as

14  a result of the Judgment in the Lawsuit.  Plaintiff has a reasonable apprehension that PSM

15  will attempt to execute on the Judgment and attempt to do so.

16          33.    The very contract which PSM claims National and Larry Chao

17  breached limited damages for such breach to an amount substantially less than the amount

18  the jury awarded as damages for breach.

19          34.    The parties require a judicial determination of their respective rights so

20  that they will know whether Defendant PSM has any right to attempt to recover against the

21  Trust Estate of the Chao Living Trust or the community interests of Plaintiff Julie Chao.

22          35.    Plaintiff has no adequate or speedy remedy to resolve the parties'

23  dispute other than by a declaratory judgment from this court.  Because of the urgency and

24  importance of the issues presented by the parties dispute, it is necessary and appropriate for

25  the court to resolve this dispute by issuing a judicial declaration determining the respective

26  rights and obligations of the parties with respect to whether Defendant PSM has the right to

27  invade the Chao Living Trust's estate and the community interest of Plaintiff Julie Chao in

28  her marital property.

1    of BAIC, the covenant to cooperate and the covenant of good faith and fair dealing, all to the

2    damage of Plaintiff Julie Chao.

3          30.    Plaintiff is informed and believes that Defendant PSM does not believe

4    its damages for breach of contract are limited to the amount set forth in the SPA and that it

5    intends to pursue the community assets of Plaintiff Julie Chao and the Trust Estate of the

6    Chao Living Trust in an attempt to satisfy the Judgment in the Lawsuit.

7    **FIRST CAUSE OF ACTION**

8    **(Declaratory Relief)**

9          31.    The allegations of Paragraphs 1 through 30 are incorporated by this

10   reference.

11         32.    An actual controversy has arisen and now exists between Plaintiff and

12   Defendant PSM concerning their respective rights and duties in that Plaintiff contends that

13   Defendant PSM has no right to invade the CHAO Living Trust or her community interest as

14   a result of the Judgment in the Lawsuit.  Plaintiff has a reasonable apprehension that PSM

15   will attempt to execute on the Judgment and attempt to do so.

16         33.    The very contract which PSM claims National and Larry Chao

17   breached limited damages for such breach to an amount substantially less than the amount

18   the jury awarded as damages for breach.

19         34.    The parties require a judicial determination of their respective rights so

20   that they will know whether Defendant PSM has any right to attempt to recover against the

21   Trust Estate of the Chao Living Trust or the community interests of Plaintiff Julie Chao.

22         35.    Plaintiff has no adequate or speedy remedy to resolve the parties'

23   dispute other than by a declaratory judgment from this court.  Because of the urgency and

24   importance of the issues presented by the parties dispute, it is necessary and appropriate for

25   the court to resolve this dispute by issuing a judicial declaration determining the respective

26   rights and obligations of the parties with respect to whether Defendant PSM has the right to

27   invade the Chao Living Trust's estate and the community interest of Plaintiff Julie Chao in

28   her marital property.

10

1

**PRAYER FOR RELIEF**

2    **WHEREFORE,** Plaintiff prays for judgment against the defendant as follows:

3    1.    For a declaration that the community assets of Plaintiff and the Trust

4    Estate of the Chao Living Trust can not be reached by Defendant PSM if it

5    executes on a Judgment arising out of its Lawsuit suit against National, BAIC

6    and Larry Chao;

7    2.    For a declaration that any damages PSM can recover from Plaintiff are

8    limited by provisions limiting the "maximum aggregate liability" of the

9    "Stockholder and the Chaos" under the Stock Purchase Agreement to the

10    amount specified in the Stock Purchase Agreement;

11    3.    For a declaration that Julie Chao is entitled to recover from Defendant

12    PSM any losses she has sustained and costs and expenses she has incurred

13    pursuant to Defendant PSM's agreement to indemnify her in the Stock

14    Purchase Agreement;

15    4.    For attorneys fees;

16    5.    For costs of the suit herein; and

17    6.    For such other and further relief, whether equitable or otherwise as the

18    Court deems proper.

19

20    Dated: <u>December 5, 2007</u>                FRIEDMAN DUMAS & SPRINGWATER LLP

21

22                                By:    _Cecily A. Dumas_

23                                       Cecily A. Dumas
                                         Attorneys for Plaintiff
24                                       JULIE C. CHAO

25

26

27

28

{00321321.DOC v 4}                    7                    COMPLAINT FOR DECLARATORY RELIEF

EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PSM Holding Corp., and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Julie C. Chao

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

DEC 0 5 2007

Clerk of the Superior Court
By    R. Montgomery
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063

CASE NUMBER
*(Número del Caso):*  **CIV 4 6 8 2 6 7**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cecily A. Dumas
150 Spear Street, Ste. 1600, San Francisco, CA 94105 (415) 834-3800

R. MONTGOMERY

DATE:         **DEC 5 2007**     **JOHN C. FITTON**   Clerk, by _____ , Deputy
*(Fecha)*                                        *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

12