1  Linda Dakin-Grimm (SBN 119630)
   Louis Anthony Pellegrino (*pro hac vice* in process)
2  Patricia J. Quilizapa (SBN 233745, application for
   admission to this Court pending)
3  Aluyah I. Imoisili (SBN 245572, application for
   admission to this Court in process)
4  MILBANK, TWEED, HADLEY & McCLOY LLP
   601 S. Figueroa Street, 30th floor
5  Los Angeles, CA 90017
   Telephone: (213) 892-4000
6  Fax: (213) 629-5063
   Ldakin-grimm@milbank.com
7
   Attorneys for Defendants PSM HOLDING CORP.,
8  a New York Corporation

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11
   JULIE C. CHAO, an individual, and in         Case No. CV 08 0100
12 her capacity as Trustee of CHAO
   LIVING TRUST,                                NOTICE OF PENDENCY OF OTHER
13                                              ACTION
             Plaintiff,
14                                              *[Filed Concurrently with Declaration of
         v.                                     Patricia J. Quilizapa; Notice of Removal;
15 PSM HOLDING CORP., a corporation,            Civil Cover Sheet; and Certificate of
   and DOES 1-20, inclusive,                    Interested Parties]*
16
             Defendants.
17                                              Notice of Removal Filed: January 7, 2008

18
19
20
21
22
23
24
25
26
27
28

LA1:#6369730v1

NOTICE OF PENDENCY OF OTHER ACTION

Pursuant to Northern District Local Civil Rule 3-13, Defendant PSM Holding Corp. ("PSM" or "Plaintiff") hereby files this Notice of Pendency of Other Actions in connection with its Notice of Removal in the above-captioned matter from the Superior Court of California for the County of San Mateo, filed on January 7, 2008.

## THE ACTION PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA

On December 22, 2005, PSM filed a complaint against National Farm Financial Corporation ("NFFC"), Business Alliance Insurance Company ("BAIC"), and Larry P. Chao (Julie Chao's husband), (collectively, the "Chao Parties"), in the United States District Court for the Central District of California for specific performance, or in the alternative, damages for breach of contract, fraud, and negligent misrepresentation, *PSM Holding Corp. v. NFFC et al.*, CV: 05-08891. The complaint alleged that the Chao Parties entered into an agreement with PSM on September 16, 2005 to sell BAIC to PSM as evidenced by the executed Stock Purchase Agreement (the "SPA").[1] The Chao Parties contended variously, that Mr. Chao's signature on the agreement was not binding on the Chao Parties. Trial commenced on August 14, 2007 and lasted over four weeks. On September 14, 2007, the jury found in favor of PSM by finding that NFFC, BAIC, and Larry P. Chao each entered into the SPA with PSM, were bound by the SPA, and breached the SPA. The jury found the Chao Parties liable to PSM for $40 million for breach of contract and $3 million for fraud (the "Judgment"). Thereafter, PSM elected its remedies by foregoing the specific performance claim. The Judgment was entered on October 4, 2007.

Defendants in that action filed a motion for new trial and a motion for judgment as a matter of law. The Court denied those motions on January 2, 2008 (with the exception of the fraud damages) and the Court ordered PSM to submit a revised proposed judgment comporting with the Court's ruling. Plaintiff has done so. The Court further ordered that Plaintiff file and serve a notice of agreement to a remittitur of the judgment by $3 million, by January 16, 2008.

///

///

---

[1] This is the same "SPA" referenced throughout Plaintiff's Complaint For Declaratory Relief in the present case.

LA1:#6369730v2

-1-

NOTICE OF PENDENCY OF OTHER ACTION

The participants in the pending Central District action are:

**PLAINTIFF**
**PSM Holding Corp.**

Represented by:
Milbank, Tweed, Hadley & McCloy, LLP
Linda Dakin-Grimm
Louis Anthony Pellegrino
Patricia J. Quilizapa
Aluyah I. Imoisili
601 S. Figueroa Street, 30th floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

**DEFENDANTS**
**National Farm Financial Corporation,**
**Business Alliance Insurance Company,**
**and Larry P. Chao**

Represented by:
DILLINGHAM & MURPHY, LLP
William F. Murphy
John N. Dahlberg
Barbara L. Harris Chiang
225 Bush Street, 6th Floor
San Francisco, California 94104
(415) 397-2700

-and-

COTCHETT, PITRE & MCCARTHY
Joseph W. Cotchett
Robert B. Hutchinson
Nancy L. Fineman
Niki B. Okcu
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000

## THE ACTION REMOVED TO THIS COURT

Plaintiff Julie Chao filed a complaint in the Superior Court of California for the County of San Mateo (the "Julie Chao action"), that has since been removed to this Court, requesting declaratory relief ordering that Mrs. Chao's community assets and the assets of the Chao Living Trust – for which Mrs. Chao is purportedly a trustor and trustee – cannot be invaded by PSM should it attempt to execute on the Judgment in the Central District of California action against the Chao Parties. (Declaration of Patricia J. Quilizapa ("Quilizapa Decl.") ¶ _, Ex. _, hereafter,

the "Julie Chao Complaint") at p. 7.) Mrs. Chao admits that the Julie Chao action arises out of the same SPA at issue in the Central District action. (*Id.* at ¶ 6.) Moreover, Mrs. Chao alleges that she "did not agree to sell BAIC to PSM under the SPA, did not execute the SPA, and did not give her consent to Larry Chao to execute the SPA" and further, that PSM knew these alleged facts. (*Id.* at ¶ 16.) Mrs. Chao further alleges that "the SPA limits the maximum amount of damages PSM can obtain for breach." (*Id.* at ¶ 26.) Although not clear from the Julie Chao Complaint, it appears that Mrs. Chao alleges that because of these purported facts, PSM cannot enforce the judgment against the assets of the Chaos and the Chao Living Trust.

## THE RELATIONSHIP BETWEEN THE ACTIONS

The action pending in the Central District of California involves precisely the subject matter of the action now before this Court. The same transaction and occurrences are implicated in both actions: The present action arises directly from the litigation, trial, and judgment in the Central District action and calls for determination of questions of law and fact that have already been decided by the Central District, such as whether Julie Chao is a party to the September 16, 2005 Stock Purchase Agreement (the "SPA"), whether Julie Chao's consent to the SPA was necessary, whether Ms. Chao's consent was given to Defendants in the Central District action to enter into the SPA, and whether the damages under the SPA should have been limited by the SPA itself.

In the Central District action, the honorable Valerie Baker Fairbank expressly held that Julie Chao was not a party to the SPA and that the sections of the SPA pertaining to Mrs. Chao are severable from the rest of the agreement and parties. Similarly, the jury there was clear in finding that Mr. Chao and the Chao Parties had the authority necessary to enter into the SPA. As such, the jury found each party liable to PSM, jointly and severally, for $43 million. Thus, the question raised by the Julie Chao action concerning "limitation of damages" in the SPA has, *inter alia*, been decided by a jury in the Central District.

The instant case also implicates all of the same parties: PSM is plaintiff in the Central District action. Mrs. Chao *could* have been a party to the Central District action, but never sought to intervene in that case or join in any way; although she was deposed, produced documents

pursuant to subpoena, attended every single day of trial, and testified at the trial. Moreover, Mrs. Chao was present at most hearings throughout the litigation. Plaintiff now apparently seeks to use a different judicial forum to obtain a result different from the pending case in the Central District.

Moreover, both actions concern the same property. Mrs. Chao seeks a determination whether "PSM has any right to attempt to recover against the Trust Estate of the Chao Living Trust or the community interests of Plaintiff Julie Chao." (The Julie Chao Complaint at ¶ 34.) The Chao Living Trust and community property interests of Julie Chao are the same as those of her husband Larry Chao, a defendant in the Central District action. The defendants' property in the Central District action is subject to enforcement pursuant to the Judgment entered by that court, to extent allowed by, and in accordance with, applicable federal and California law. As a result of the Judgment in the Central District, California law and the federal rules mandate that the proper forum for Mrs. Chao's dispute is also the Central District. Indeed, pursuant to Federal Rule of Civil Procedure § 69(a), execution of the Judgment is subject to the state law procedure of the state in which the district court is held. And under California state law, "a third person [here, Mrs. Chao] claiming ownership or the right to possession of property may make a third-party claim" to determine the proper disposition of the property *in the Court where the judgment sought to be enforced was entered*. See Cal. Civ. Proc. Code §§ 720.110, 720.310, 680.160. Thus, the extent to which PSM's judgment by the Central District is enforceable against property of Mr. Chao, (or even with respect to community or trust property held by Julie Chao) will be resolved by the Central District. Plaintiff's complaint dovetails with this point, alleging that PSM breached covenants and agreements determined under the SPA (in the Central District action before Judge Fairbank) which purportedly "damage[d] Plaintiff Julie Chao." (The Julie Chao Complaint at ¶ 29.)

Accordingly, it is clear that the Central District has decided the questions of fact and law that Mrs. Chao purports to raise in the present action. It is equally clear that to the extent Mrs. Chao seeks a determination of her property rights vis-à-vis the Judgment, state law and the federal rules require her to seek such a determination in the Central District. And, to the extent

1  Plaintiff alleges that any issue has not been decided, it would be so related to the litigation in the
2  Central District that judicial efficiency mandates that they be decided in the Central District.
3  Judge Fairbank has presided over the litigation in the Central District since the summary
4  judgment stage, has heard the evidence at trial, and made rulings specifically pertaining to the
5  SPA and Julie Chao. A determination by any other court as to Julie Chao's alleged rights as they
6  relate to the SPA and the Judgment would entail substantial duplication of labor and would
7  potentially result in contradicting rulings.

8      WHEREFORE, PSM requests that, in the interest of judicial economy and an efficient
9  determination of the issues in this action, this Court transfer the above-entitled action to the
10 Central District of California.

13 Dated: January 7, 2008

Respectfully submitted,

MILBANK, TWEED, HADLEY & McCLOY, LLP

By: _____
    Linda Dakin-Grimm
    Louis Anthony Pellegrino
    Patricia J. Quilizapa
    Aluyah I. Imoisili

Attorneys for PSM Holding Corp.