1  Linda Dakin-Grimm (SBN 119630)
   Louis Anthony Pellegrino (*pro hac vice* in process)
2  Patricia J. Quilizapa (SBN 233745, application for
   admission to this Court pending)
3  Aluyah I. Imoisili (SBN 245572, application for
   admission to this Court in process)
4  MILBANK, TWEED, HADLEY & McCLOY LLP
5  601 S. Figueroa Street, 30th floor
   Los Angeles, CA 90017
6  Telephone: (213) 892-4000
   Fax:        (213) 629-5063
7  Ldakin-grimm@milbank.com
8
   Attorneys for Defendants PSM HOLDING CORP.,
9  a New York Corporation

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13 JULIE C. CHAO, an individual, and in          Case No.
   her capacity as Trustee of CHAO
14 LIVING TRUST,                                 DECLARATION OF PATRICIA J.
                                                 QULIZAPA IN SUPPORT OF NOTICE
15                 Plaintiff,                    OF PENDENCY OF OTHER ACTION

16        v.                                     *[Filed Concurrently with Notice of Pendency*
                                                 *of Other Action; Notice of Removal; Civil*
17 PSM HOLDING CORP., a corporation,             *Cover Sheet; and Certificate of Interested*
   and DOES 1-20, inclusive,                     *Parties]*
18
                   Defendants.
19
                                                 Notice of Removal Filed: January 7, 2008
20

21

22

23

24

25

26

27

28

LA1:#6370084v1

                        NOTICE OF PENDENCY OF OTHER ACTION

1

**DECLARATION OF PATRICIA J. QUILIZAPA**

2      I, PATRICIA J. QUILIZAPA, declare as follows:

3      1.      I am an attorney duly licensed to practice law in the State of California and have

4 an application pending for admission in the United States District Court for the Northern District

5 of California.  I am an associate at the law firm of Milbank, Tweed, Hadley & McCloy LLP,

6 counsel for Defendant PSM Holding Corp.  I have personal knowledge of the facts set forth

7 below and, if called as a witness, could and would testify competently thereto.  I make this

8 declaration in support of the Notice of Pendency of Other Action.

9      2.      Attached hereto as Exhibit A is a true and correct copy of the complaint PSM

10 Holding Corp. received via registered mail on December 10, 2007 (the "Complaint").  The

11 Complaint shows a filing date of December 5, 2007 in the Superior Court of California for the

12 County of San Mateo and was filed by Julie C. Chao against PSM Holding Corp.

13

14      I declare under penalty of perjury under the laws of the United States of America that the

15 foregoing is true and correct.

16

17 Executed this 7th day of January, 2008, in Los Angeles, California.

18

19      _____

20           Patricia J. Quilizapa

21

22

23

24

25

26

27

28

LA1:#6370084v1

-2-

# EXHIBIT A

1   FRIEDMAN DUMAS & SPRINGWATER LLP
    CECILY A. DUMAS (S.B. NO. 111449)
2   ROBERT L. FLEISCHMAN (S.B. NO. 80045)
    BRANDON C. CHAVES (S.B. No. 225595)
3   150 Spear Street, Suite 1600
    San Francisco, CA 94105
4   Telephone Number:  (415) 834-3800
    Facsimile Number:  (415) 834-1044
5
    Attorneys for Plaintiff
6   JULIE C. CHAO

**ENDORSED FILED**
SAN MATEO COUNTY

DEC 0 5 2007

Clerk of the Superior Court
By    R. Montgomery
DEPUTY CLERK

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10

11  JULIE C. CHAO, an individual, and in       Case No.  **CIV** 4 6 8 2 6 7
    her capacity as Trustee of CHAO
12  LIVING TRUST,                              COMPLAINT FOR DECLARATORY
                                               RELIEF
13          Plaintiff,

14      vs.

15  PSM HOLDING CORP.,  a corporation,
    and DOES 1-20, inclusive,
16                                             *UNLIMITED CIVIL CASE*
            Defendants.
17

18          Plaintiff, Julie C. Chao, alleges the following:

19                              **THE PARTIES**

20          1.      Plaintiff, JULIE C. CHAO, (hereafter "Julie Chao" or "Plaintiff") is an

21  individual residing in the County of San Mateo, State of California.

22          2.      Plaintiff is informed and believes that Defendant PSM Holding Corp.,

23  (hereafter "PSM") is a corporation existing under the laws of the State of New York and

24  having its principal place of business in the State of New York.

25          3.      Plaintiff is informed and believes that Defendant PSM is a holding

26  company, which holds all of the stock of other corporations, and is a direct and wholly

27  owned subsidiary of Public Service Mutual Insurance Company, a New York domiciled

28

1    mutual property and casualty insurer, which is licensed to do business in the State of

2    California as PSM Insurance Company.

3            4.     Venue is proper in this County under California Code of Civil

4    Procedure Section 395.5 as San Mateo is the county in which corporate Defendant PSM's

5    obligations or liabilities to Plaintiff arose and the county in which the transactions which give

6    rise to the controversy between the parties were to be performed.

7            5.     Plaintiff does not know the true names and capacities of the defendants

8    sued herein as DOES 1 through 20, inclusive, and therefore sue those defendants by such

9    fictitious names.  Plaintiff is informed and believes and thereon alleges that defendants Does

10   1 through 20, inclusive, are in some manner responsible for the events and happenings

11   described in this complaint.

12                               **NATURE OF THE ACTION**

13           6.     This action arises out of the execution of an alleged Agreement on the

14   part of National Farm Financial Corporation (hereinafter "National") and Larry Chao to sell

15   all of the outstanding and issued shares of stock of National's wholly owned subsidiary

16   Business Alliance Insurance Company (hereafter "BAIC") to Defendant PSM pursuant to a

17   Stock Purchase Agreement dated September 16, 2005 ("Stock Purchase Agreement" or

18   "SPA").

19           7.     National is a corporation existing under the laws of the State of

20   California, with its principal place of business at 900 Cherry Avenue, Suite 218, San Bruno,

21   California, 94066.

22           8.     At all relevant times, the CHAO Living Trust owned all of the issued

23   and outstanding shares of National.

24           9.     At all relevant times, Plaintiff, Julie Chao, was and is a Co-Trustee of

25   the CHAO Living Trust.  As Trustee of the CHAO Living Trust, Julie Chao has the right

26   power and authority to institute actions and proceedings on behalf of the Trust Estate and to

27   manage and preserve the assets of the Trust Estate.

28

4

10.    At all relevant times, Plaintiff, Julie Chao, was the wife of Larry Chao who was and is an Officer and member of the Board of Directors of National.

11.    Plaintiff, Julie Chao, was and is the beneficial owner of 50% of all assets in the CHAO Living Trust, including, without limitation the outstanding and issued shares of National.

## GENERAL ALLEGATIONS

12.    Plaintiff is informed and believes that Larry Chao, during the course of 2005, entered into negotiations on behalf of National to sell BAIC to a purchaser for a fair value.

13.    On or about December 22, 2005, Defendant PSM initiated an action against National, BAIC and Larry Chao for breach of contract, specific performance, fraud and negligent misrepresentation in the United States District Court for the Central District of California (hereafter "the Lawsuit"), alleging, in substance, that National through Larry Chao had entered into an agreement (the "SPA") to sell all of the shares of BAIC to Defendant PSM but that National, BAIC and Larry Chao breached said agreement with resultant damages to PSM.  The Lawsuit also contained causes of action alleging that National, BAIC and Larry Chao had engaged in fraud and misrepresentation.

14.    After a trial, the jury returned a verdict in favor of PSM and against National, BAIC and Larry Chao for breach of contract in the amount of $40,000,000.00, against National, BAIC and Larry Chao in the amount of $1,000,000.00 for "intentional misrepresentation" in the amount of $1,000,000.00 for "false promise" and in the amount of $1,000,000.00 for "negligent misrepresentation" for a total cumulative damage award against all the defendants, jointly and severally, in that Lawsuit of $43,000,000.

15.    Plaintiff was not a party to the Lawsuit.

16.    Plaintiff did not agree to sell BAIC to PSM under the SPA, did not execute the SPA and did not give her consent to Larry Chao to execute the same.

17.     Plaintiff is informed and believes that Defendant PSM knew that the consent and approval of the Chao Living Trust and Plaintiff Julie Chao as its Trustee was necessary for the sale of BAIC by National to become effective.

18.     Plaintiff is informed and believes that Defendant PSM knew that the consent and approval of Julie Chao, as an individual, was necessary for the sale of BAIC by National to become effective.

19.     Plaintiff is informed and believes that the damages awarded by the jury against National, Larry Chao and BAIC are so substantial that they cannot be satisfied by National's assets alone and that the assets of the Chao Living Trust (aside from the ownership of the voting securities of National) are imperiled by the damage award.

20.     PSM has threatened to invade the Chao Living Trust and attach the assets therein by executing on the judgment in the Lawsuit if the judgment becomes final.

21.     Plaintiff is informed and believes that the damages awarded by the jury against National, Larry Chao, and BAIC are so substantial that they cannot be satisfied by National's assets alone and that Julie Chao's community interest in her marital estate with Larry Chao is imperiled by the damage award.

22.     PSM has threatened to seize the assets which comprise Plaintiff Julie Chao's community interest in her marital estate by executing on the judgment in the Lawsuit if the judgment becomes final.

23.     The alleged agreement to sell the shares of BAIC to Defendant PSM, which were owned by National, which was in turned owned by the Chao Living Trust and which shares constituted the community property of Larry Chao and Plaintiff Julie Chao, was entered into without the knowledge, approval or consent of Plaintiff Julie Chao, the Co-Trustee of the Chao Living Trust and the wife of Larry Chao.

24.     Throughout the Lawsuit Defendant PSM contended that the SPA had been validly entered between National, Larry Chao and BAIC as sellers and Defendant PSM as Buyer and that the SPA was enforceable in accordance with its terms.



25.    Throughout the Lawsuit Defendant PSM contended that the fact that Plaintiff Julie Chao did not agree to the SPA (although the SPA referred to her and called for her signature) merely meant that her individual obligations under the contract, including her obligation to indemnify PSM, were not enforceable under the SPA.

26.    Even though the SPA limits the maximum amount of damages PSM can obtain for breach, Plaintiff is informed and believes that Defendant PSM intends to attempt to execute on the $40 million judgment, an amount far in excess of the limitation in the SPA. Such an attempt would cause immediate harm to Plaintiff's valuable interests in her community interests and the assets of the Trust Estate which would become greatly impaired if not totally destroyed.

27.    The SPA contained an Indemnification Provision which provided in part:

"The maximum aggregate liability of the Stockholder [National] and the Chaos for indemnification obligations under this Section [from and against ...all losses, costs, damages, liabilities ...incurred by the Purchaser . . .arising out of ... any misrepresentation or breach of or default under any of the representations, warranties, covenants or agreements given or made in this Agreement] shall equal 50% of the Purchase Price; provided, however, 20% of such amount shall be exclusively for indemnification obligations with respect to Adverse Development ...".

28.    Defendant PSM agreed under the SPA to indemnify and hold Julie Chao harmless "from and against any and all ... losses, costs, damages, liabilities and expenses including, without limitation, reasonable legal fees . . . arising out of . . . any breach of or default under any of the representations, warranties, covenants and agreements made by PSM in this Agreement . . .".

29.    Plaintiff is informed and believes that Defendant PSM has breached several of the covenants and agreements it made in the SPA, including, without limitation, the agreement to a limitation on damages, the covenant to pay a purchase price for the shares

7

1  of BAIC, the covenant to cooperate and the covenant of good faith and fair dealing, all to the

2  damage of Plaintiff Julie Chao.

3          30.    Plaintiff is informed and believes that Defendant PSM does not believe

4  its damages for breach of contract are limited to the amount set forth in the SPA and that it

5  intends to pursue the community assets of Plaintiff Julie Chao and the Trust Estate of the

6  Chao Living Trust in an attempt to satisfy the Judgment in the Lawsuit.

7  <div align="center">**FIRST CAUSE OF ACTION**</div>

8  <div align="center">**(Declaratory Relief)**</div>

9          31.    The allegations of Paragraphs 1 through 30 are incorporated by this

10  reference.

11          32.    An actual controversy has arisen and now exists between Plaintiff and

12  Defendant PSM concerning their respective rights and duties in that Plaintiff contends that

13  Defendant PSM has no right to invade the CHAO Living Trust or her community interest as

14  a result of the Judgment in the Lawsuit.  Plaintiff has a reasonable apprehension that PSM

15  will attempt to execute on the Judgment and attempt to do so.

16          33.    The very contract which PSM claims National and Larry Chao

17  breached limited damages for such breach to an amount substantially less than the amount

18  the jury awarded as damages for breach.

19          34.    The parties require a judicial determination of their respective rights so

20  that they will know whether Defendant PSM has any right to attempt to recover against the

21  Trust Estate of the Chao Living Trust or the community interests of Plaintiff Julie Chao.

22          35.    Plaintiff has no adequate or speedy remedy to resolve the parties'

23  dispute other than by a declaratory judgment from this court.  Because of the urgency and

24  importance of the issues presented by the parties dispute, it is necessary and appropriate for

25  the court to resolve this dispute by issuing a judicial declaration determining the respective

26  rights and obligations of the parties with respect to whether Defendant PSM has the right to

27  invade the Chao Living Trust's estate and the community interest of Plaintiff Julie Chao in

28  her marital property.

{00321321.DOC v 4}           6           COMPLAINT FOR DECLARATORY RELIEF

1  of BAIC, the covenant to cooperate and the covenant of good faith and fair dealing, all to the

2  damage of Plaintiff Julie Chao.

3         30.    Plaintiff is informed and believes that Defendant PSM does not believe

4  its damages for breach of contract are limited to the amount set forth in the SPA and that it

5  intends to pursue the community assets of Plaintiff Julie Chao and the Trust Estate of the

6  Chao Living Trust in an attempt to satisfy the Judgment in the Lawsuit.

7  <center>**FIRST CAUSE OF ACTION**</center>

8  <center>**(Declaratory Relief)**</center>

9         31.    The allegations of Paragraphs 1 through 30 are incorporated by this

10  reference.

11         32.    An actual controversy has arisen and now exists between Plaintiff and

12  Defendant PSM concerning their respective rights and duties in that Plaintiff contends that

13  Defendant PSM has no right to invade the CHAO Living Trust or her community interest as

14  a result of the Judgment in the Lawsuit.  Plaintiff has a reasonable apprehension that PSM

15  will attempt to execute on the Judgment and attempt to do so.

16         33.    The very contract which PSM claims National and Larry Chao

17  breached limited damages for such breach to an amount substantially less than the amount

18  the jury awarded as damages for breach.

19         34.    The parties require a judicial determination of their respective rights so

20  that they will know whether Defendant PSM has any right to attempt to recover against the

21  Trust Estate of the Chao Living Trust or the community interests of Plaintiff Julie Chao.

22         35.    Plaintiff has no adequate or speedy remedy to resolve the parties'

23  dispute other than by a declaratory judgment from this court.  Because of the urgency and

24  importance of the issues presented by the parties dispute, it is necessary and appropriate for

25  the court to resolve this dispute by issuing a judicial declaration determining the respective

26  rights and obligations of the parties with respect to whether Defendant PSM has the right to

27  invade the Chao Living Trust's estate and the community interest of Plaintiff Julie Chao in

28  her marital property.



# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the defendant as follows:

1.    For a declaration that the community assets of Plaintiff and the Trust Estate of the Chao Living Trust can not be reached by Defendant PSM if it executes on a Judgment arising out of its Lawsuit suit against National, BAIC and Larry Chao;

2.    For a declaration that any damages PSM can recover from Plaintiff are limited by provisions limiting the "maximum aggregate liability" of the "Stockholder and the Chaos" under the Stock Purchase Agreement to the amount specified in the Stock Purchase Agreement;

3.    For a declaration that Julie Chao is entitled to recover from Defendant PSM any losses she has sustained and costs and expenses she has incurred pursuant to Defendant PSM's agreement to indemnify her in the Stock Purchase Agreement;

4.    For attorneys fees;

5.    For costs of the suit herein; and

6.    For such other and further relief, whether equitable or otherwise as the Court deems proper.

Dated: <u>December 5, 2007</u>                FRIEDMAN DUMAS & SPRINGWATER LLP

By:    _Cecily A. Dumas_

Cecily A. Dumas
Attorneys for Plaintiff
JULIE C. CHAO

10